### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JIMMY SELLERS, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 16-CV-236 (JCH) |
| v. | : | |
| | : | |
| FIRST STUDENT, INC., | : | DECEMBER 30, 2016 |
| Defendant. | : | |

**RULING RE: DEFENDANT'S MOTION FOR RECONSIDERATION (DOC. NO. 31)**

**I.      INTRODUCTION**

On October 28, 2016, the court granted in part and denied in part a Motion to Dismiss filed by defendant First Student, Inc. ("First Student").  See Ruling ("First Ruling") (Doc. No. 30) at 14.  More specifically, the court dismissed the federal claims raised by plaintiff Jimmy Sellers ("Sellers"), while declining to exercise supplemental jurisdiction over his remaining state law claims.  Shortly thereafter, First Student filed a Motion for Reconsideration, asking that the court revisit its determination that it did not have diversity jurisdiction over Sellers's state law claims and that it dismiss Sellers's Second Amended Complaint ("SAC") in its entirety.  See Def.'s Mot. for Reconsideration Regarding Time-Barred State Law Claims ("Motion") (Doc. No. 31) at 1.  See generally Mem. of Law in Supp. of Def.'s Mot. for Reconsideration Regarding Time-Barred State Law Claims ("Mem. in Supp.") (Doc. No. 31-1).

The court incorporates herein the factual background and relevant legal analysis from its prior ruling on the Motion to Dismiss.

For the reasons set forth below, First Student's Motion (Doc. No. 18) is **GRANTED IN PART AND DENIED IN PART**, and, upon reconsideration, Counts 4 and 5 in Sellers's SAC are **DISMISSED**.

## II.    BACKGROUND

Sellers filed his SAC on April 30, 2016.  <u>See generally</u> SAC at 1.  Sellers alleged two counts of employment discrimination grounded in federal law (Counts 1 and 2), <u>see</u> SAC ¶¶ 34–35, two counts of employment discrimination sounding in Connecticut state law (Counts 3 and 4), <u>see</u> SAC ¶¶ 36–37, and one count of defamation (Count 5), <u>see</u> SAC ¶¶ 38–44.  First Student filed a Motion to Dismiss each count in the SAC, <u>see generally</u> Def.'s Mot. to Dismiss (Doc. No. 20); Mem. of Law in Supp. of Def.'s Mot. to Dismiss (Doc. No. 21), to which Sellers objected, <u>see generally</u> Obj. to Mot. to Dismiss (Doc. No. 22), though he withdrew Count 3, <u>see</u> Mem. in Supp. of Obj. to Mot. to Dismiss (Doc. No. 23) at 11.  First Student replied in a timely manner.  <u>See generally</u> Reply Mem. in Supp. of Def.'s Mot. to Dismiss (Doc. No. 24).  The court granted First Student's Motion to Dismiss the federal claims in Sellers's SAC, but declined to exercise jurisdiction over the remaining state law claims.  <u>See</u> First Ruling at 14.  However, the court provided that Sellers could replead his claims within fourteen days from the entry of the Ruling.  <u>See id.</u>

Shortly after the entry of the court's Ruling, First Student filed the pending Motion for Reconsideration, asking that the court dismiss the state law claims in Sellers's SAC. <u>See</u> Mem. in Supp. at 1.  Notwithstanding the fact that Sellers solely invoked the court's federal question jurisdiction, <u>see</u> SAC ¶ 3, and made clear at Oral Argument held on October 14, 2016 that he was not relying any other bases for federal jurisdiction, <u>see</u> Oct. 14, 2016 Oral Arg. Tr. at 12 (referencing federal statutory claims as only jurisdictional basis), First Student now suggests the court has diversity jurisdiction over this case, <u>see</u> Mem. in Supp. at 1.  Sellers has neither amended his complaint, as the

court explicitly permitted in its First Ruling, nor filed any Opposition to the pending Motion for Reconsideration.  Instead, Sellers filed a Notice of Appeal.  <u>See</u> Notice of Appeal (Doc. No. 33) at 1 (appealing, mistakenly, to the "United States Court of Appeals for the Federal Circuit").

Because the Motion for Reconsideration filed by First Student falls within the ambit of Federal Rule of Appellate Procedure 4(a)(4), the Second Circuit stayed Sellers's appeal, pending this court's resolution of the Motion.  <u>See</u> Initial Notice of Stay of Appeal (Doc. No. 34) at 1.

## III.   LEGAL STANDARD

District of Connecticut Local Rule 7(c) provides an avenue for filing Motions for Reconsideration.  Parties must file and serve such Motions within fourteen days of the ruling from which relief is sought and provide "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the [c]ourt overlooked in the initial decision or order."  D. Conn. Civ. R. 7(c)(1).  Otherwise, Motions for Reconsideration are briefed and adjudicated like any other motion.  D. Conn. Civ. R. 7(c)(2).

"The standard for granting a motion for reconsideration is strict."  <u>Ricciuti v. Gyzenis</u>, 832 F. Supp. 2d 147, 165 (D. Conn. 2011) (citing <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995)).  "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  <u>Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation marks and citations omitted).  "Reconsideration will be granted only if the moving party can identify

controlling decisions or data that the court overlooked and that would reasonably be expected to alter the court's decision."  Edge v. City of Bridgeport, No. No. 3:12–cv–1075 (JCH), 2013 WL 105226, at *1 (D. Conn. Jan. 7, 2013) (citing Shrader, 70 F.3d at 257).  Motions for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided."  Vigilant Ins. Co. v. Servco Oil, Inc., No. 3:09–CV–829 (JCH), 2010 WL 2874092, at *1 (D. Conn. July 20, 2010) (citing Brophy v. Northrop Grumman Corp., 55 F. App'x 590, 593 (2d Cir. 2003) (summary order)).

The standard for ruling on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is set forth in detail in the court's First Ruling in this case.  See First Ruling at 5–6.  Most importantly, the court must accept as true, for the purposes of ruling on the Motion, all well-pled factual allegations in the plaintiff's complaint and draw all inferences in his favor.  See id.

## IV. DISCUSSION

The court's analysis will proceed in three parts: first, the court will address whether First Student has supplied new facts such that reconsideration is appropriate; finding that reconsideration is appropriate, the court concludes that it has diversity jurisdiction over Sellers's state law claims; finally, the court will rule on the merits of First Student's Motion to Dismiss those claims.

### A. Motion for Reconsideration

First Student argues that reconsideration of the court's declination of supplemental jurisdiction is appropriate, because it has supplied the missing information that now supports diversity jurisdiction over Sellers's state law claims.  As noted above,

Sellers has not opposed the Motion for Reconsideration, or responded in any way to the new arguments set forth therein.

Federal district courts have original jurisdiction over "all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (quoting 28 U.S.C. § 1332(a)(1)). Individuals are considered citizens, within the meaning of the diversity statute, of the state where they are domiciled. Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000). An individual's domicile is the place where he has his "true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Id. (quoting Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998)). As a matter of statute, corporations are citizens of each state in which they are incorporated and of the state in which they have their principal place of business. 28 U.S.C. § 1332(c)(1).

"A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." Scherer v. Equitable Life Assurance Soc'y of U.S., 347 F.3d 394, 397 (2d Cir. 2003) (quoting Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994)). If the pleadings are inconclusive, "the courts may look to documents outside the pleadings to other evidence in the record to determine the amount in controversy." Yong Qin Luo v. Mikel, 625 F.3d 772, 775 (2d Cir. 2010). The court may also properly consider whether "the plaintiff stipulates to a maximum amount of damages and 'whether plaintiff's alleged injuries have yielded awards in excess of $75,000 in other actions.'" Semack v. 35 Hamden Hills Drive, LLC, No. 3:12cv1057

(JBA), 2013 WL 395486, at *2 (D. Conn. Jan. 31, 2013) (quoting Bercy v. Am. Airlines, Inc., No. 09cv1750 (ALC), 2011 WL 2490716, at *2 (E.D.N.Y. June 22, 2011)).

First Student has attached to its Motion for Reconsideration a Damages Analysis. See generally Damages Analysis 1–3.[1]  Sellers has offered no reason to doubt the authenticity of the Damages Analysis, which appears to have been prepared by Sellers's attorney.  In light of this new evidence,[2] which sheds light on the court's jurisdiction, the court grants First Student's Motion for Reconsideration, as to Counts 4 and 5.  However, this information related to the amount in controversy does not necessitate any change with respect to Count 3: Sellers independently withdrew that claim before the court ruled on the Motion to Dismiss.[3]  Accordingly, insofar as First Student's Motion for Reconsideration asks the court to dismiss that claim as well, it is denied.

    B.    Diversity Jurisdiction

Next, the court looks to whether the Damages Analysis changes its initial determination not to exercise supplemental jurisdiction over the state law claims.  As a

---

[1] The Damages Analysis is appended as Exhibit A, pages 7–9, of the Memorandum in Support of the Motion for Reconsideration.  The court will cite to the Damages Analysis by its internal pagination, rather than repeatedly referencing it as Exhibit A to the Memorandum in Support or using the Memorandum's pagination.

[2] The court is aware that, to qualify as "new evidence" within the meaning of the standards governing a Motion for Reconsideration, such evidence is ordinarily discovered after the issuance of the court's initial ruling or order.  It is clear that First Student had the Damages Analysis it now appends to the Memorandum in Support well in advance of the issuance of the court's First Ruling.  However, in this case, the court concludes that First Student entitled to reconsideration.  It had no reason to be on notice that the court would dismiss only the federal claims in the SAC, without addressing Sellers's state law claims on the merits.

[3] In the court's First Ruling, it noted that Sellers had withdrawn Count 3.  See First Ruling at 13 n.8, 14.  The court treated Sellers's "agree[ment] that no cause of action exists as to Count 3 and [ ] withdraw[al] [of] the Count," see Mem. in Supp. of Obj. to Mot. to Dismiss at 11, as a Notice of Voluntary Dismissal within the meaning of Federal Rule of Civil Procedure 41(a)(1)(A)(i).

preliminary matter, Sellers is a "resident of Norwalk, Connecticut," SAC ¶ 2, and thus appears to be domiciled in the State of Connecticut.  In any event, Sellers has not disputed First Student's arguments, see Mem. in Supp. at 3, as to his domicile.  First Student represented at oral argument, and again in its Memorandum in Support of the Motion for Reconsideration, that it is incorporated in Delaware and has its principal place of business in Ohio.  See Oct. 14, 2016 Oral Arg. Tr. at 2; Mem. in Supp. at 3; see also SAC ¶ 2.  Therefore, there is complete diversity of citizenship between the plaintiff and defendant in this case.

Moreover, the Damages Analysis demands $941,430, see Damages Analysis at 3, well in excess of the jurisdictional threshold for diversity jurisdiction.  Even after dismissal of Sellers's federal claims, his state law claims could independently yield in excess of the requisite jurisdictional amount.  Sellers demanded compensatory damages, emotional distress damages, economic damages, equitable damages, attorney's fees and costs, punitive damages, and "[a]ll [o]ther [d]amages [a]vailable." SAC ¶ 46(a)–(g).  Sellers's claims for "Back Pay" and "Future Pay"—the most direct, alleged economic damages resulting from his termination—alone total $816,400.  There is therefore a reasonable probability that Sellers's Connecticut Fair Employment Practices Act ("CFEPA") claim (Count 4) and defamation claim (Count 5) exceed the jurisdictional threshold.  Both these claims are best read as demanding, inter alia, the direct economic damages from his termination.  In light of Sellers's own Damages Analysis, the court concludes that there is a reasonable probability he would recover in excess of $75,000 on either claim.  Therefore, the court has original subject matter jurisdiction over Counts 4 and 5.

C.    <u>Motion to Dismiss</u>

Finally, the court turns to First Student's renewal of its suggestion that the court dismiss Counts 4 and 5 as time-barred.  Sellers does not dispute that the limitations periods have run, but rather relies solely on equitable tolling as rendering his claims timely.  In the briefing regarding the Motion to Dismiss, both parties cite extensively to cases applying the <u>federal</u> standard for equitable tolling.  <u>See</u> Mem. in Supp. of Obj. to Mot. to Dismiss at 9–11; Reply Mem. in Supp. of Def.'s Mot. to Dismiss at 2–4.  The Second Circuit has suggested, however, that equitable tolling of state law claims is an issue of state law.  <u>See</u> <u>Hughes v. Equity Office Props. Tr.</u>, 245 F. App'x 88, 90 (2d Cir. 2007) (summary order).

That being said, "Connecticut courts look to federal law for guidance in interpreting state antidiscrimination laws."  <u>Williams v. Comm'n on Human Rights & Opportunities</u>, 67 Conn. App. 316, 329 (2001).  Connecticut courts have noted federal courts' "uniformly narrow view of equitable exceptions [to] Title VII limitations periods" as a model for ruling on arguments that the limitations periods set out in the CFEPA should be equitably tolled.  <u>See</u> <u>id.</u> at 329–30 (quotation marks and citations omitted).  Just as Connecticut state courts have looked to the federal law of equitable tolling in deciding whether to toll limitations periods in state law discrimination cases, so too have federal courts in applying state antidiscrimination laws.  <u>See, e.g.</u>, <u>Hannah v. Wal-Mart Stores</u>, 969 F. Supp. 2d 229, 233 (D. Conn. 2013).  "There are three general reasons for which the Second Circuit has held equitable tolling to be appropriate: (1) if the plaintiff did not know of his or her claim due to misleading action by the defendant; (2) the plaintiff filed pleadings that were defective within the statutory limitation period;

and (3) extraordinary circumstances impeded the plaintiff from filing." Id. (quoting

Simmons v. Terrace Healthcare Ctr., Inc., No. 01 CV 3531(RCC), 2004 WL 555708, at

*7 (S.D.N.Y. Mar. 19, 2004)).  "Usually, in employment discrimination cases, time limits

will not be tolled absent some behavior of the employer designed to delay the filing of

the complaint or fraud." Williams, 67 Conn. App. at 229 (citing, inter alia, Manning v.

Carlin, 786 F.2d 1108, 1109 (11th Cir. 1986)).

      At Oral Argument, the court addressed each of the three justifications for

equitable tolling that the Second Circuit has identified.  See Oct. 14, 2016 Oral Arg. Tr.

at 17–19.  Sellers conceded that the situation at issue in this case did not fall under any

of those allowances.  See id.  In the absence of any contrary suggestion in the SAC, or

any contention that First Student acted improperly to delay Sellers's filing his claims, the

court concludes that Sellers's arguments in favor of equitable tolling his state

discrimination claim fail.  Because he disclaimed reliance on any alternative basis for

arguing his state discrimination claims are timely, Count 4 is dismissed.

      As for tolling the defamation claim, Sellers's arguments for tolling are similarly

unpersuasive.  Again, Sellers conceded that First Student did not engage in any

misleading conduct, such that his failure to raise his claim within the limitations period

should be ignored, cf. Conn. Gen. Stat. § 52-595 (extending time for filing cause of

action in cases of fraudulent concealment), and that no extraordinary circumstances

prevented him from filing his claims earlier.  See Oct. 14, 2016 Oral Arg. Tr. at 17–19.

Sellers cites no cases in which courts equitably toll the statute of limitations set out in

section 52-597 of the Connecticut General Statutes, see Mem. in Supp. of Obj. to Mot.

to Dismiss at 9–11, and the court is not aware of any.  Sellers's Objection to the Motion

to Dismiss might be read to argue that his defamation claim should be tolled because he "was representing himself before the [Commission on Human Rights and Opportunities] and [Equal Employment Opportunity Commission] and he was never informed that any statute of limitations was running which might eventually prohibit him from bringing claims."[4]  Id.  Sellers has offered no legal support for his suggestion that the court equitably toll the statute of limitations based on his lack of awareness of the time-bar.  Notwithstanding his lack of legal representation, Sellers was aware of the allegedly defamatory statements for almost three years before he ever brought suit. Sellers has offered no compelling reason justifying his failure to do so for so long. Therefore, the statute of limitations as to Count 5 should not be tolled and, based in part on Sellers's concessions at Oral Argument, the claim is dismissed.

## V.    CONCLUSION

Upon reconsideration, Counts 4 and 5 are **DISMISSED**, because they were not brought within the applicable limitations periods.  Sellers previously withdrew Count 3, but the remainder of his SAC—after the First Ruling and this Ruling—is now dismissed. Although the court gave him the opportunity to amend his SAC in the First Ruling, see First Ruling at 14, Sellers chose not to do so.  Accordingly, the Clerk is directed to close the case.

---

[4] The court notes that First Student has appended court documents to its Reply Memorandum in Support of Defendant's Motion to Dismiss that belie Sellers's arguments that he did not have counsel during proceedings before the CHRO or EEOC.  Because it is unnecessary for the purposes of this Ruling, the court does not address the persuasiveness of this evidence.

**SO ORDERED**.

Dated at New Haven, Connecticut, this 30th day of December, 2016.


      /s/ Janet C. Hall
Janet C. Hall
United States District Judge